1  Fraser A. McAlpine (SBN 248554)
   JACKSON LEWIS P.C.
2  50 California Street, 9th Floor
   San Francisco, CA  94111
3  Telephone     415.394.9400
   Facsimile:    415.394.9401
4  E-mail:       Fraser.Mcalpine@jacksonlewis.com

5  Attorneys for Defendants
   SAN GABRIEL TEMPORARY STAFFING
6  SERVICES, LLC

7

8

9                 UNITED STATE DISTRICT COURT

10               NORTHERN DISTRICT OF CALIFORNIA

11

12  DEANNA HERNANDEZ, on behalf of          Case No.
    herself, all others similarly situated,
13                                          **NOTICE OF REMOVAL OF ACTION**
              Plaintiffs,                   **TO FEDERAL COURT UNDER 28 U.S.C.**
14                                          **SECTIONS 1331 AND 1441**
         v.
15
    SAN GABRIEL TEMPORARY STAFFING
16  SERVICES, LLC, a California limited
    liability company, d/b/a LABORMAX
17  STAFFING; SAN GABRIEL TEMPORARY
    STAFFING SERVICES, LLC, a California
18  limited liability company, d/b/a PIRATE
    STAFFING; and DOES 1 through 100,
19  inclusive,                              Complaint Filed:   September 6, 2017
                                            Trial Date:        None Set
20            Defendants.

21

22  TO THE CLERK OF THE U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF

23  CALIFORNIA, PLAINTIFF DEANNA HERNANDEZ, AND HER ATTORNEYS OF

24  RECORD: PLEASE TAKE NOTICE that DEFENDANT SAN GABRIEL TEMPORARY

25  STAFFING SERVICES, LLC[1], a California limited liability company hereby invokes this

26  _____

27  [1]  The Complaint lists DEFENDANT SAN GABRIEL TEMPORARY STAFFING SERVICES,
         LLC twice, asserting that it does business using two different trade names.  Whether the
28       assertions about the use of trade names are correct or incorrect, there is still only one entity
         named as a Defendant.

                                            1

1    Court's jurisdiction under 28 U.S.C. §§ 1331 and 1367, and pursuant to 28 U.S.C. § 1441,

2    removes this action to this Court from the Superior Court of the State of California in and for the

3    County of Santa Clara.

4                    **PLEADINGS, PROCESS, AND ORDERS**

5           1.      On September 6, 2017, Plaintiff Deanna Hernandez ("Plaintiff") filed a complaint

6    against a single Defendant in the Superior Court of the State of California in and for the County

7    of Santa Clara.  The Complaint asserts that the single Defendant does business using two different

8    tradenames, LaborMax Staffing and Pirate Staffing.    The Complaint is titled *DEANNA*

9    *HERNANDEZ, on behalf of herself, all others similarly situated,, Plaintiff, vs. SAN GABRIEL*

10   *TEMPORARY STAFFING SERVICES, LLC, a California limited liability company, d/b/a*

11   *LABORMAX STAFFING; SAN GABRIEL TEMPORARY STAFFING SERVICES, LLC, a*

12   *California limited liability company, d/b/a PIRATE STAFFING; and DOES 1 through 100,*

13   Defendants, Case No. 17CV315506.  The Complaint asserts the following twelve causes of

14   action: (1) violation of 15 U.S.C. § § 1681b(b)(2)(A) (Fair Credit Reporting Act); (2) violation of

15   15 U.S.C. § § 1681d(a)(1) and 1681g(c) (Fair Credit Reporting Act); (3) Violation of California

16   Civil Code § 1786 *et seq.* (Investigative Consumer Reporting Agencies Act); (4) Violation of

17   California Civil Code § 1785 *et seq.* (Consumer Credit Reporting Agencies Act); (5) Failure to

18   Provide Meal Periods (Lab. Code §§ 204, 223, 226.7, 512 and 1198); (6) Failure to Provide Meal

19   Periods (Lab Code §§ 204, 223, 226.7, 512 and 1198); (7) Failure to Pay Hourly Wages (Lab.

20   Code §§ 223, 510, 1194, 1194.2, 1197, 1997.1, and 1198); (8) Failure to Pay Vacation Wages

21   (Lab Code § 227.3); (9) Failure to Indemnify (Lab. Code § 2802); (10) Failure to Provide

22   Accurate Written Wage Statements (Lab. Code § 226(a)); (11) Failure to Timely Pay All Final

23   Wages (Lab. Code §§ 201-203); (12) Unfair Competition (Bus. & Prof. Code §§ 17200, *et seq.*

24          2.      On September 13, 2017, Plaintiff sent Defendants' counsel a copy of the

25   Summons, the Complaint, a notice and acknowledgement of receipt of service pursuant to

26   California Code of Civil Procedure section 415.30, as well as various court orders issued by the

27   Santa Clara Superior Court.  True and correct copies of these documents are attached hereto as

28   **Exhibit A**.  National Registered Agents, Inc. Service of Process Summary Transmittal Form,

                                              2

1  attached as **Exhibit B**, demonstrates that Defendant's agent received the Summons and

2  Compliant on September 20, 2017.

3      3.     It is unclear from the Complaint whether Plaintiff intends to serve Pirate Staffing

4  or whether Plaintiff intends to serve Pirate Staffing by means of its summons directed to San

5  Gabriel Temporary Staffing Services, LLC based on the incorrect assertion that San Gabriel

6  Temporary Staffing Services, LLC does business as Pirate Staffing.  Although Pirate Staffing

7  does some business with LaborMax Staffing, it is a separate, independent business that is not

8  affiliated with LaborMax Staffing.   As San Gabriel Temporary Staffing Services, LLC

9  understands the facts, Pirate Staffing has no involvement in the employment of Plaintiff and has

10  no relationship or connection to this dispute. As of the filing of this Notice of Removal, Plaintiff

11  has not served Pirate Staffing.   Accordingly, only one defendant has been properly joined and

12  served, and there is no other defendant who has been properly joined or served who could join in

13  or consent to the removal of this civil action.

14      4.     On October 10, 2017, Defendants filed an answer to the Complaint.  A true and

15  correct copy of Defendants' Answer is attached as **Exhibit C**.

16                     **FEDERAL QUESTION AND SUPPLEMENTAL JURISDICTION**

17      5.     This Court has original jurisdiction over this action under 28 U.S.C. § 1331 in that

18  it is a civil action involving the laws of the United States.  Specifically, Plaintiff alleges in her

19  first cause of action that Defendant's disclosures do not meet various requirements set forth under

20  the Fair Credit Reporting Act  ("FCRA"), 15 U.S.C. §§ 1681–1681x.  To the extent that Plaintiff

21  asserts state law causes of action, those claims are sufficiently related to Plaintiff's various federal

22  claims such that this Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C.

23  § 1367. This action is therefore fully removable to this Court pursuant to 28 U.S.C. § 1441.[2]

24                                      **VENUE**

25      6.     Venue properly lies in the United States District Court for the Northern District of

26  California pursuant to 28 U.S.C. § 1441(a).  Section 1441(a) provides, in relevant part:

27

28  [2]  Because Defendant removes this case based on federal question jurisdiction, Defendant does
      not address but does not waive removal under the Class Action Fairness Act.

                                          3

1
2

[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

3

As indicated above, Plaintiff brought this action in the Superior Court of California in and for the

4

County of Santa Clara. The United States District Court for the Northern District of California

5

encompasses this territory. 28 U.S.C. § 84(a).

6

## TIMELINESS OF REMOVAL

7

7.      This Notice of Removal is timely because this Notice of Removal is filed within

8

thirty days after Defendants acknowledged service of papers from which it could first be

9

ascertained that the case was removable. 28 U.S.C. § 1446(b).

10

## NOTICE TO PLAINTIFF AND STATE COURT

11

8.      In accordance with 28 U.S.C. § 1446(d), Defendants' counsel certifies that a copy

12

of this Notice of Removal and all supporting papers will be served on Plaintiff's counsel and filed

13

with the Clerk of the Superior Court of California in and for the County of Santa Clara. As such,

14

all procedural requirements under § 1446 are satisfied.

15

## CONCLUSION

16

WHEREFORE, Defendants pray that the action now pending against them in the Superior

17

Court of the State of California for the County of Santa Clara be removed to this Court.

18
19

Dated: October 11, 2017

20

JACKSON LEWIS P.C.

21
22

By:      /s/      Fraser A. McAlpine

23

Fraser A. McAlpine
Attorneys for Defendant
SAN GABRIEL TEMPORARY
STAFFING SERVICES, LLC

24
25
26

4839-0080-5201, v. 1

27
28

4

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT UNDER 28 U.S.C. SECTIONS 1331 AND 1441

# EXHIBIT A

1  Fraser A. McAlpine (SBN 248554)
   JACKSON LEWIS P.C.
2  50 California Street, 9th Floor
   San Francisco, CA 94111
3  Telephone    415.394.9400
   Facsimile:   415.394.9401
4  E-mail:      Fraser.Mcalpine@jacksonlewis.com

5  Attorneys for Defendants
   SAN GABRIEL TEMPORARY STAFFING
6  SERVICES, LLC

**E-FILED**
**10/10/2017 9:59 AM**
**Clerk of Court**
**Superior Court of CA,**
**County of Santa Clara**
**17CV315506**
**Reviewed By: R. Walker**

7

8

9            SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                      COUNTY OF SANTA CLARA

11

12  DEANNA HERNANDEZ, on behalf of          Case No. 17CV315506
    herself, all others similarly situated,
13                                           **ANSWER TO PLAINTIFF DEANNA**
              Plaintiffs,                    **HERNANDEZ'S COMPLAINT**
14
         v.
15
    SAN GABRIEL TEMPORARY STAFFING
16  SERVICES, LLC, a California limited
    liability company, d/b/a LABORMAX
17  STAFFING; SAN GABRIEL TEMPORARY
    STAFFING SERVICES, LLC, a California
18  limited liability company, d/b/a PIRATE
    STAFFING; and DOES 1 through 100,
19  inclusive,                               Complaint Filed:    September 6, 2017
                                             Trial Date:         None Set
20            Defendants.

21

22

23       Defendant SAN GABRIEL TEMPORARY STAFFING SERVICES, LLC,[1] a California

24  limited liability company ("Defendant") hereby answers the unverified class action complaint

25  ("Complaint") filed by Plaintiff Deanna Hernandez ("Plaintiff") as follows:

26  _____

27  [1]  The Complaint lists DEFENDANT SAN GABRIEL TEMPORARY STAFFING SERVICES,
       LLC twice, asserting that it does business using two different trade names.  Whether the
28     assertions about the use of trade names are correct or incorrect, there is still only one entity
       named as a Defendant.
                                             1

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure section 431.30(d), Defendant generally denies each and every allegation of the unverified Complaint and further specifically denies that Plaintiff has suffered any injury or damages of any kind attributable in any way to an act or omission of Defendant.

## AFFIRMATIVE DEFENSES

By way of affirmative defenses to the allegations of the Complaint herein, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
(Arbitration Agreement)

Plaintiff's claims are subject to an agreement to resolve any dispute that arises out of or relates to Plaintiff's employment with Defendant in binding arbitration conducted by JAMS. Defendant invokes, and does not waive, its right to resolve its dispute with Plaintiff in arbitration.

### SECOND AFFIRMATIVE DEFENSE
(Statute of Limitations)

The claims asserted in the Complaint are barred by the applicable statute of limitations, including but not limited to Code of Civil Procedure Sections 338(a), 340(a), 343, and Business and Professions Code Section 17208 to the extent Plaintiff seeks recovery in excess of the time limitations set forth in these statutes.

### THIRD AFFIRMATIVE DEFENSE
(Voluntary Waiver of Meal and Rest Breaks)

Plaintiff's claims regarding meal periods and rest breaks are barred in whole or in part to the extent Defendant provided required meal and rest breaks in compliance with all California requirements and Plaintiff or putative class members voluntarily waived their right to take the meal or rest breaks as provided.

### FOURTH AFFIRMATIVE DEFENSE
(No Willful Conduct)

To the extent Plaintiff seeks statutory penalties for alleged willful failure to comply with the requirements of the Labor Code, such penalties are barred or must be reduced because Defendant did not willfully violate the requirements of Labor Code sections 201, 202 and 203 and

2

a good faith dispute exists concerning such alleged violations.

### FIFTH AFFIRMATIVE DEFENSE
(Lack of Standing)

The Complaint, and each cause of action contained therein, is barred to the extent Plaintiff lacks standing to bring the instant action on behalf of herself or other unnamed putative class members.

### SIXTH AFFIRMATIVE DEFENSE
(Wage Statements)

Defendant alleges that, even assuming *arguendo* Plaintiff or putative class members were not provided with a proper itemized statement of wages and deductions, Plaintiff and the putative class members are not entitled to recover damages because Defendant's alleged failure to comply with California Labor Code Section 226(a) was not a "knowing and intentional failure" under California Labor Code Section 226(e).

### SEVENTH AFFIRMATIVE DEFENSE
(No Injury)

Defendant alleges that, even assuming *arguendo* Plaintiff or putative class members were not provided with a proper itemized statement of wages and deductions, Plaintiff and the putative class members are not entitled to recover damages because they did not suffer any injury.

### EIGHTH AFFIRMATIVE DEFENSE
(Offset)

Plaintiff and putative class members are barred from recovering any damages for lost wages, or any recovery for lost wages must be offset or reduced, if and to the extent Defendant already compensated them fully or in excess of what was required by law, or Defendant is entitled to a set-off for amounts Plaintiff or putative class members owe Defendant for receipt of wages or other benefits to which they were not entitled or did not earn.

### NINTH AFFIRMATIVE DEFENSE
(Labor Code § 2856)

The Complaint, and each cause of action contained therein, is barred to the extent Plaintiff or putative class members failed to comply with Defendant's policies or instructions and such failure proximately caused their alleged damages, if any.

///

3

## TENTH AFFIRMATIVE DEFENSE
### (Mitigation of Damages)

Plaintiff and putative class members are barred from recovering any damages for lost wages, or any recovery for lost wages must be reduced, if and to the extent that Plaintiff or putative class members failed to exhaust internal remedies to receive alleged unpaid wages or to otherwise exercise reasonable diligence to mitigate their alleged damages, if any.

## ELVENTH AFFIRMATIVE DEFENSE
### (Avoidable Consequences)

Plaintiff's wage statement claim is barred by the doctrine of avoidable consequences, to the extent Plaintiff could have corrected errors in wage payment by reporting them so that Defendant could correct them promptly, and Plaintiff failed to do so.

## ADDITIONAL AFFIRMATIVE DEFENSES

Defendant alleges that the Complaint does not describe the claims or facts being alleged with sufficient particularity to permit Defendant to ascertain what other defenses may exist.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

4

1  Defendant will rely on any and all further defenses that become available or appear during

2  discovery in this action and specifically reserves the right to amend this Answer for purposes of

3  asserting such additional affirmative defenses.

4

5  Dated:  October 10, 2017

                       JACKSON LEWIS P.C.

6

7

8                     By:  _____

                          Fraser A. McAlpine

9                            Attorneys for Defendants

                          SAN GABRIEL TEMPORARY

10                           STAFFING SERVICES

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                 5

## PROOF OF SERVICE

I, Mary Stoner, declare that I am employed with the law firm of Jackson Lewis P.C., whose address is 50 California Street, 9th Floor, San Francisco, California 94111; I am over the age of eighteen (18) years and am not a party to this action.

On October 10, 2017, I served the attached document(s):

**ANSWER TO PLAINTIFF DEANNA HERNANDEZ'S COMPLAINT**

in this action by placing true and correct copies thereof, enclosed in sealed envelope(s) addressed as follows:

Shaun Setareh
H. Scott Leviant
Setareh Law Group
9454 Wilshire Boulevard, Suite 907
Beverly Hills, CA  90212
Telephone:   310.888.7771
Facsimile:    310.888.0109
E-mail:        shaun@setarehlaw.com
                scott@setarehlaw.com

[ X ]  BY MAIL:  United States Postal Service by placing sealed envelopes with the postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at San Francisco, California.  [( ) *Courtesy copy by fax.*]

[  ]  BY HAND DELIVERY:  I caused such envelope(s) to be delivered by Messenger Service to the above address.

[  ]  BY OVERNIGHT DELIVERY:  I caused such envelope(s) to be delivered to the above address within 24 hours by overnight delivery service.

[  ]  BY FACSIMILE:  I caused such document(s) to be transmitted by facsimile from our facsimile number 415.394.9401 to the fax number indicated above (by written agreement, confirming letter dated and signed MM/DD/YY).

[  ]  BY ELECTRONIC TRANSMISSION:  I caused such document(s) to be electronically transmitted to the above email address (by written agreement, confirming letter dated and signed MM/DD/YY).

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on October 10, 2017 at San Francisco, California.

_Mary Stoner_
Mary Stoner

ANSWER TO PLAINTIFF DEANNA HERNANDEZ'S COMPLAINT – Case No. 17CV315506

**EXHIBIT B**

## NATIONAL REGISTERED AGENTS, INC.
### SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM

To:  KIM LONG
 LABORMAX STAFFING
 971 Premier Dr
 Kearney, MO 64060-7975

SOP Transmittal #   531966161

213-337-4615 - Telephone

Entity Served:  SAN GABRIEL TEMPORARY STAFFING SERVICES LLC  (Domestic State: CALIFORNIA)

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc. or its Affiliate in the State of CALIFORNIA on this 20 day of September, 2017. The following is a summary of the document(s) received:

1.  **Title of Action:**  Deanna Hernandez, on behalf of herself all others similarly situated, Pltf. vs. SAN GABRIEL TEMPORARY STAFFING SERVICES, LLC, etc., et al., Dfts.

2.  **Document(s) Served:**   Other: Summons, Instructions, Complaint, Cover Sheet(s)

3.  **Court of Jurisdiction/Case Number:** Downtown County Superior Court, CA
 Case # 17CV315506

4.  **Amount Claimed, if any:**  N/A

5.  **Method of Service:**

 _X_ Personally served by:     _X_ Process Server      ___ Law Enforcement      ___ Deputy Sheriff      ___ U. S Marshall

 ___ Delivered Via:       ___ Certified Mail      ___ Regular Mail      ___ Facsimile

 ___ Other (Explain):

6.  **Date and Time of Receipt:**  09/20/2017 02:55:00 PM CST

7.  **Appearance/Answer Date:**  Within 30 days after service

8.  **Received From:**  Shaun Setareh      9.  **Carrier Airbill #** 1ZY041160192498573
 SETARER LAW GROUP
 9454 Wilshire Boulevard, Suite 907
 Beverly Hills, CA 90212      10.  **Call Made to: Not required**
 310-888-7771

11.  **Special Comments:**
SOP Papers with Transmittal, via UPS Next Day Air

Email Notification, KIM LONG  KIM.LONG@LABORMAXSTAFFING.COM

**NATIONAL REGISTERED AGENTS, INC.**                 CopiesTo:

Transmitted by  Amanda Garcia

The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc. for informational purposes only and should not
be considered a legal opinion. It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take appropriate action.

ORIGINAL